UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 MISC 0081

)
)
)
)
IN RE APPLICATION OF REPUBLIC )
OF KAZAKHSTAN FOR AN ORDER )
DIRECTING DISCOVERY FROM )
CLYDE & CO. LLP )
PURSUANT TO 28 U.S.C. § 1782. )
)
)
)
)
)
)

Misc. Action No. _____

REC ...
MAR 2 7 2015
U.S.D.C. S.D. N.Y.

## *EX PARTE* PETITION FOR DISCOVERY IN AID OF A FOREIGN PROCEEDING PURSUANT TO 28 U.S.C. § 1782

Pursuant to 28 U.S.C. § 1782, the Republic of Kazakhstan ("Petitioner") submits this

Petition for Discovery, seeking an order permitting it to issue a subpoena to Clyde & Co LLP

("Clyde & Co") for the production of documents that would assist Petitioner in pending foreign

legal proceedings. Attached hereto at Exhibit A is the proposed subpoena and, at Exhibit B, the

Declaration of Matthew H. Kirtland in support of this Petition.

### REASONS FOR GRANTING THE PETITION

## I.     PETITIONER'S PURPOSE FOR SEEKING § 1782 DISCOVERY

1.     Petitioner requires the requested discovery in connection with ongoing legal

proceedings in the courts of Sweden (the "Swedish Proceeding"). *See* Kirtland Decl. ¶ 4.  The

Swedish Proceeding arises out of a prior international arbitration that Anatolie Stati, Gabriel

Stati, Ascom Group, S.A. ("Ascom"), and Terra Raf Trans Trading Ltd. (collectively "the Stati

Parties") commenced against Petitioner before the Arbitration Institute of the Stockholm

Chamber of Commerce (the "SCC Arbitration"). *Id.*

2.      In the SCC Arbitration, the Stati Parties demanded compensation for alleged expropriation by Petitioner of certain assets in Kazakhstan. *Id.* ¶ 5. One of the assets for which the Stati Parties sought compensation was an LPG Plant. *Id.* In support of this claim, the Stati Parties submitted evidence and argument concerning three other companies -- Vitol S.A. ("Vitol"), Tolkynneftegas LLP ("TNG") and Montvale Invest Ltd. ("Montvale"). TNG and Montvale are affiliates of the Stati Parties. *Id.*

3.      On December 19, 2013, an award was issued in the SCC Arbitration in favor of the Stati Parties against Petitioner ("SCC Award"). *Id.* ¶ 6. As part of the award, the Tribunal relied on various allegations by the Stati Parties to award them $199 million in compensation for alleged expropriation of the LPG Plant. *Id.*

4.      In March 2014, Petitioner initiated the Swedish Proceeding to set aside the SCC Award because, *inter alia,* it violates Swedish law. *Id.* ¶ 7. The $199 million valuation of the LPG Plant is, among other things, directly at issue in Petitioner's efforts in the Swedish Proceeding to set aside the SCC Award. *Id.*

5.      Petitioner has now become aware of three separate arbitration proceedings that concerned the LPG Plant, and that involved certain of the Stati Parties and/or their affiliates. *Id.* ¶ 8. The first proceeding is between Vitol, Arkham SA and Montvale. *Id.* The second proceeding is between Vitol, Arkham SA and TNG. *Id.* The third proceeding is between Ascom and Vitol FSU B.V. *Id.* The first proceeding resulted in an arbitral award dated April 16, 2012, of which Petitioner has recently obtained a copy. *Id.* The second proceeding resulted in an arbitral award dated May 10, 2012, of which Petitioner has not been able to obtain a copy. *Id.* The third arbitration remains pending. *Id.* In all three of these arbitrations, Clyde & Co represented Vitol/Vitol FSU B.V. and Arkham SA. *Id.* In all three of these arbitrations,

2

allegations and findings would have been made concerning the LPG Plant that are relevant to Petitioner's pending efforts in the Swedish Proceeding to set aside the SCC Award. *Id.*

6.      The discovery that Petitioner seeks from Clyde & Co in the present petition concerns the information in the three arbitration proceedings that relates to the LPG Plant. Specifically, Petitioner seeks:  (a) any orders or rulings that concern the LPG Plant, including but not limited to a copy of the May 10, 2012 arbitral award; (b) any transcripts that contain testimony relating to the LPG Plant; and (c) any pleadings, submissions or witness evidence that relate to the LPG Plant.  This is a readily defined and concise set of documents.

## II.    THE REQUIREMENTS OF SECTION 1782 ARE SATISFIED

7.      To authorize discovery under 28 U.S.C. § 1782, three requirements must be met: (1) the application must be made by an interested party or upon application of a foreign or international tribunal; (2) the party from whom discovery is sought must "reside" or be "found" in the jurisdiction of the district court where the § 1782 petition has been filed; and (3) the document or testimony must be for "use" in a foreign or international tribunal.  All three requirements are met here.

8.      First, Petitioner is an "interested party" as it was a party to the SCC Arbitration and is a party to the Swedish Proceeding in which it is seeking to set aside the SCC Award. Kirtland Decl. ¶ 9.

9.      Second, Clyde & Co is "found" or "resides" in this jurisdiction.  Its New York office is located at 1185 Avenue of the Americas, New York, NY 10036.  *Id.* ¶ 10.

10.     Third, the documents sought by Petitioner are "for use" in the ongoing Swedish Proceeding.  *Id.* ¶ 11.  The requested documents will be used by Petitioner to aid its challenge to the SCC Award in the Swedish Proceeding.  *Id.*

### III.    THE *INTEL* FACTORS WEIGH IN FAVOR OF GRANTING THE PETITION

11.    The Supreme Court has identified four discretionary factors that a district court must consider when ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether discovery would be unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). Here, all four factors weigh in favor of granting the Petition.

12.    First, Clyde & Co is not a participant in the Swedish Proceeding. Kirtland Decl. ¶ 12. *Cf. Intel*, 542 U.S. at 264 ("[W]hen the person from whom discovery is sought is a participant in the foreign proceeding …, the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad."). Second, there is no indication, or reason to believe, that the Swedish courts would be unreceptive to judicial assistance by § 1782 discovery. Kirtland Decl. ¶ 13. Third, this request is not sought to, and does not have the effect of, circumventing any foreign proof-gathering restrictions or other policies. *Id.* ¶ 14. Lastly, this request is not unduly burdensome or intrusive. *Id.* ¶ 15. It seeks a discrete category of documents in the possession, custody and control of Clyde & Co. *Id.* The *Intel* factors thus weigh in favor of granting the Petition.

### CONCLUSION

WHEREFORE, because the Petition complies with the requirements of 28 U.S.C. § 1782, and the discretionary factors weigh in favor of it being granted, Petitioner respectfully moves the

Court to issue an order granting the Petition and authorizing the issuance of the subpoena

attached hereto as Exhibit A.

Dated:  March 27, 2015

Respectfully submitted,

Felice B. Galant
NORTON ROSE FULBRIGHT US LLP
666 Fifth Avenue
New York, New York 10103
Tel.: (212) 318-3000
Fax: (212) 318-3400
felice.galant@nortonrosefulbright.com

*Attorneys for Petitioner Republic of Kazakhstan*

UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - --- X

IN RE APPLICATION OF REPUBLIC )
OF KAZAKHSTAN FOR AN ORDER   )
DIRECTING DISCOVERY FROM     )            Misc. Action No._____
CLYDE & CO. LLP              )
PURSUANT TO 28 U.S.C. § 1782. )

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

## EXPARTE PETITION FOR DISCOVERY IN AID OF A FOREIGN PROCEEDINING TO 28 U.S.CC.§ 1782

**NORTON ROSE FULBRIGHT US LLP**
Felice Galant
666 Fifth Avenue
New York, NY  10103
212/318-3000

**Attorneys for petitioner Republic of Kazakhstan**