UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR AN ORDER DIRECTING DISCOVERY FROM CLYDE & CO. LLP PURSUANT TO 28 U.S.C. § 1782. | Misc. Action No. _____ |

## DECLARATION OF MATTHEW H. KIRTLAND

Pursuant to 28 U.S.C. § 1746, I, Matthew H. Kirtland, declare as follows:

1. I am an attorney at law, and am admitted to practice law in the District of Columbia and Maryland. I represent Petitioner Republic of Kazakhstan ("Petitioner").

2. I am over the age of eighteen (18) and make this declaration from personal knowledge based on information reviewed or referenced herein.

3. I submit this declaration in support of Petitioner's *Ex Parte* Petition for Discovery in Aid of a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Petition"), filed herewith.

4. The Petition requests discovery in connection with ongoing legal proceedings in the courts of Sweden (the "Swedish Proceeding"). The Swedish Proceeding arises out of a prior international arbitration that Anatolie Stati, Gabriel Stati, Ascom Group, S.A. ("Ascom"), and Terra Raf Trans Traiding Ltd. (collectively "the Stati Parties") commenced against Petitioner before the Arbitration Institute of the Stockholm Chamber of Commerce (the "SCC Arbitration").

5. In the SCC Arbitration, the Stati Parties demanded compensation for alleged expropriation by Petitioner of certain assets in Kazakhstan. One of the assets for which the Stati Parties sought compensation was an LPG Plant. In support of this claim, the Stati Parties submitted evidence and argument concerning three other companies -- Vitol S.A. ("Vitol") Tolkynneftegas LLP ("TNG") and Montvale Invest Ltd. ("Montvale"). TNG and Montvale are affiliates of the Stati Parties.

6. On December 19, 2013, an award was issued in the SCC Arbitration in favor of the Stati Parties against Petitioner ("SCC Award'). As part of the award, the Tribunal relied on various allegations by the Stati Parties to award them $199 million in compensation for alleged expropriation of the LPG Plant.

7. In March 2014, Petitioner initiated the Swedish Proceeding to set aside the SCC Award because *inter alia* it violates Swedish law. The $199 million valuation of the LPG Plant is, among other things, directly at issue in Petitioner's efforts in the Swedish Proceeding to set aside the SCC Award.

8. Petitioner has now become aware of three separate arbitration proceedings that concerned the LPG Plant, and that involved certain of the Stati Parties and/or their affiliates. The first proceeding is between Vitol, Arkham SA and Montvale. The second proceeding is between Vitol, Arkham SA and TNG. The third proceeding is between Ascom and Vitol FSU B.V. The first proceeding resulted in an arbitral award dated April 16, 2012, of which Petitioner has recently obtained a copy. The second proceeding resulted in an arbitral award dated May 10, 2012, of which Petitioner has not been able to obtain a copy. The third arbitration remains pending. In all three of these arbitrations, Clyde & Co represented Vitol/Vitol FSU B.V. and Arkham SA. In all three of these arbitrations, allegations and findings would have been made

concerning the LPG Plant that are relevant to Petitioner's pending efforts in the Swedish Proceeding to set aside the SCC Award.

## I. THE REQUIREMENTS OF SECTION 1782

9. Petitioner was a party to the SCC Arbitration and is a party to the Swedish Proceeding in which it is seeking to set aside the SCC Award.

10. Clyde & Co is "found" or "resides" in this jurisdiction. Its New York office is located at 1185 Avenue of the Americas, New York, NY 10036.

11. The documents sought by Petitioner are for use in the ongoing Swedish Proceeding; they will be used by Petitioner to aid its challenge to the SCC Award in the Swedish Proceeding.

## II. THE *INTEL* FACTORS

12. Clyde & Co is not a participant in the Swedish Proceeding.

13. There is no indication, or reason to believe, that the Swedish courts would be unreceptive to judicial assistance by § 1782 discovery.

14. Petitioner's request for discovery is not sought to, and does not have the effect of, circumventing any foreign proof-gathering restrictions or other policies.

15. Petitioner's request is not unduly burdensome or intrusive. It seeks a discrete category of documents in the possession, custody and control of Clyde & Co.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 27, 2015.

_____
Matthew H. Kirtland

3