UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR AN ORDER DIRECTING DISCOVERY FROM CLYDE & CO. LLP PURSUANT TO 28 U.S.C. § 1782 | Civil Action No. 15 Misc. 0081 (P1)<br><br>**Declaration of Charlene C. Sun in Support of Motion to Intervene, Motion to Vacate Order Permitting Discovery Pursuant to 28 U.S.C. § 1782, and Motion to Quash Subpoena** |

I, Charlene C. Sun, declare as follows:

1. I am an attorney duly admitted to practice in New York and before this Court. I am associated with the law firm of King & Spalding LLP, attorneys of record for Anatoli Stati, Gabriel Stati, Ascom Group, S.A., and Terra Raf Trans Traiding Ltd. (together, "Intervenors") in this matter. The facts set forth herein are personally known to me, and, if called as a witness, I could and would testify competently thereto.

2. I submit this declaration in support of Intervenors' motion (a) to intervene under Fed. R. Civ. P. 24(a)(2) for the limited purpose of moving to vacate and/or quash (1) this Court's March 30, 2015 order (the "Order") granting the Republic of Kazakhstan ("ROK") leave to seek and obtain discovery from Clyde & Co. LLP ("Clyde & Co.") pursuant to 28 U.S.C. § 1782, and (2) the subpoena duces tecum dated March 27, 2015 (the "Subpoena") and served on Clyde & Co. pursuant to the Order; (b) to vacate the Order; and (c) to quash the Subpoena.

3. On December 19, 2013, an arbitral tribunal (the "Tribunal") seated in Stockholm, Sweden and convened under the auspices of the Stockholm Chamber of Commerce issued an arbitral award (the "Final Award") in favor of Intervenors and against the ROK.

4. In the Final Award, the Tribunal found that the ROK had illegally seized an LPG Plant (the "LPG Plant"), and found that the value of the LPG Plant at the time of this seizure was

US$199 million.

5. The Final Award obligates the ROK to pay Intervenors the sum of US $506,660,597.40, plus interest. The ROK has failed to make any payment on the Final Award, despite Intervenors' demand therefor.

6. Accordingly, Intervenors, on September 30, 2014, commenced an action before the U.S. District Court for the District of Columbia seeking recognition of the Final Award.

7. Through an *ex parte* petition for assistance pursuant to 28 U.S.C. § 1782 (the "Petition") filed on March 27, 2015, the ROK sought the disclosure of various documents from prior and pending arbitrations involving one or more of the Intervenors or their affiliates concerning the valuation of the LPG Plant.

8. Intervenors were informed of the Order and Subpoena on April 2, 2015 by letter sent by Clyde & Co.to Intervenors' counsel. A true and correct copy of that letter is attached hereto as Exhibit A.

9. Intervenors' counsel gave the ROK's counsel notice of the Intervenors' intention to quash the Subpoena on April 3, in connection with Intervenors' request that the ROK voluntarily stay the compliance date on the Subpoena. The ROK's counsel refused Intervenors' request on the basis that Clyde & Co. had told them that it would not comply with the Subpoena until any pending objections were resolved. A true and correct copy of the pertinent email correspondence is attached hereto as Exhibit B.

10. By letters dated April 7 and 8 (true and correct copies of which are attached hereto as Exhibit C), Intervenors asked Clyde & Co. to refrain from production pending the filing and resolution Intervenors' objections to the Subpoena, and reported the representation made by the ROK's counsel that Clyde & Co. had agreed to refrain from production until such

objections were resolved.

11. On April 9, Clyde & Co. transmitted a letter to Intervenors' counsel (a true and correct copy of which is attached hereto as Exhibit D) stating that "[w]e are not aware of what representations may have been made to your firm by Norton Rose and, in any event, do not understand the basis on which Norton Rose can make representations to you concerning our future conduct." Clyde & Co. further stated that while they were "in principle, happy to wait until after the application that your clients intend to pursue has been disposed of before making any disclosures," "we require a written confirmation from RoK that it accepts that we are not in breach of the Subpoena/Order by adopting such a position. We have sought such a confirmation from Norton Rose and are, as at the time of writing this letter, still awaiting a response from them."

12. A page from Clyde & Co.'s website, a true and correct copy of which is attached hereto as Exhibit E, sets forth its "global legal structure." The webpage makes clear that "Clyde & Co. LLP" is an entity which "has its headquarters at its registered office, The St Botolph Building, 138, Houndsditch, London, EC3A 7AR, United Kingdom." The webpage also shows that Clyde & Co. maintains "branches" in various other cities in the United Kingdom, France, Qatar and the United Arab Emirates, but none are located in the United States. Finally, the webpage shows that the only affiliated entity with a New York office is a branch of an entity named "Clyde & Co US LLP" ("Clyde US"), "a limited liability partnership formed under the laws of the State of Delaware."

13. Vitol, Vitol FSU B.V., and Arkham SA are represented in the arbitrations referenced in the ROK's Petition by Clyde & Co. in London, not Clyde US.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 10, 2015

_____
Charlene C. Sun