## Gonzalez, Mitsy

| | |
|---|---|
| **From:** | Berger, James E |
| **Sent:** | Tuesday, April 07, 2015 6:09 PM |
| **To:** | Kirtland, Matthew |
| **Cc:** | Galant, Felice; Sun, Charlene |
| **Subject:** | RE: RoK -- 1782 application re Clyde Co. |

Matt,

I've been corrected. It was April 2.

-----Original Message-----
From: Berger, James E
Sent: Tuesday, April 07, 2015 2:09 PM
To: Kirtland, Matthew
Cc: Galant, Felice; Sun, Charlene
Subject: RE: RoK -- 1782 application re Clyde Co.

Matt,

We found out about the subpoena on April 1.

As far as Clyde's apparent willingness to hold off pending the resolution of objections, I accept that they told you that. But we've communicated with them also, and they haven't said that to us. All they've said to us is that they are compelled to produce.

We asked you for a stay, and you're saying you won't give us one. Specifically, your saying you don't think we need it because Clyde has told you that it won't produce documents pending resolution of our objections. Am I mischaracterizing anything? I don't agree with your position, but I do not want to misstate it.

James

-----Original Message-----
From: Kirtland, Matthew [mailto:matthew.kirtland@nortonrosefulbright.com]
Sent: Tuesday, April 07, 2015 1:01 PM
To: Berger, James E
Cc: Galant, Felice; Sun, Charlene
Subject: Re: RoK -- 1782 application re Clyde Co.

James,

I was told this by Clyde this morning, so your information is wrong as would be any representation to the contrary to the court regarding the cooperative approach we have demonstrated on this issue.

When did K&S find out about the subpoena?

Thanks,
Matt

--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)

*****
This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to postmaster@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
*****

----- Original Message -----
From: Berger, James E [mailto:JBerger@KSLAW.com]
Sent: Tuesday, April 07, 2015 11:30 AM
To: Kirtland, Matthew
Cc: Galant, Felice; Sun, Charlene <CSun@KSLAW.com>
Subject: RE: RoK -- 1782 application re Clyde Co.

Matt,

My apologies for my delayed response.

Clyde has not shared that position with us, and our communications with that firm do not give us any comfort that that is what they intend to do. To the contrary, Clyde has told us they regard themselves as being under court order and accordingly obliged to produce by the compliance date. Unless you are representing to me that Clyde will not produce in response to your subpoena until our objection is adjudicated, you haven't really given us any basis for comfort. Please let me know if you are making that representation.

This was a simple and reasonable request. This is your subpoena, and you can adjourn the compliance date. We've requested you do that, and it appears as though you are refusing. Given that, we'll feel constrained to raise our concerns and seek a stay of your subpoena and tell the court that the ROK refused our request that would have made that request unnecessary.

In response to our request for an adjournment, you asked me to share with you the basis for our objections. First, we note that the information you have requested bears absolutely no relevance to the Swedish proceedings related to the ECT award. Your client's objections to the ECT award focus on arbitral procedure and jurisdiction, yet there is nothing about the documents you seek through the subpoena that even remotely bears upon those issues, and your 1782 petition does not even attempt to argue that there is. Second, it appears that you have sought to use 1782 to obtain information that is all outside the United States, and indeed from a different entity from the one that is subject to the U.S. court's jurisdiction. Third, we believe there is virtually no chance the Swedish court would allow ROK the discovery that is sought by the subpoena, and that the ROK's petition represents an attempt to sidestep the Swedish court and to circumvent Swedish proof-gathering restrictions. Fourth, there is caselaw suggesting that sovereigns may not avail themselves of 1782, a principle that would render your petition improper and the resulting order and subpoena void. We reserve the right to object on other grounds as well.

In all, we believe your petition was fundamentally and significantly flawed, and that had it not been made ex parte, it would have been denied.

Regards,

James

-----Original Message-----
From: Kirtland, Matthew [mailto:matthew.kirtland@nortonrosefulbright.com]
Sent: Tuesday, April 07, 2015 11:47 AM
To: Berger, James E
Cc: Galant, Felice; Sun, Charlene
Subject: Re: RoK -- 1782 application re Clyde Co.

James,

I understand that Clyde Co.'s position is that if K&S makes an objection then it will wait for that objection to be resolved by the court before it produces the documents responsive to the subpoena. Given this, I see no need to extend the compliance date of the subpoena. Instead, you should intervene and file any objection you think you have before April 10, we will respond and the objection then can be ruled on by the court. While we will request an expedited ruling by the court given the circumstances, I do not think this need be treated by the court on an emergency basis.

Thanks,
Matt

--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)

*****
This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to postmaster@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
*****


----- Original Message -----
From: Kirtland, Matthew
Sent: Monday, April 06, 2015 02:42 PM
To: 'Berger, James E' <JBerger@KSLAW.com>
Cc: Galant, Felice; Sun, Charlene <CSun@KSLAW.com>
Subject: RE: RoK -- 1782 application re Clyde Co.

James,

I expect to be able to respond with our position by tomorrow before noon. In terms of better understanding your client's position, can you tell me the basis for the potential objection to the subpoena?

3

Thanks,
Matt

-----Original Message-----
From: Berger, James E [mailto:JBerger@KSLAW.com]
Sent: Friday, April 03, 2015 3:18 PM
To: Kirtland, Matthew
Cc: Galant, Felice; Sun, Charlene
Subject: RE: RoK -- 1782 application re Clyde Co.

Matt,

Unfortunately, 3pm probably won't work for me. I'm in court on another matter Monday at 2 and probably won't be done in time to speak at 3.

I'm not sure we really need to speak, however, as the issue is pretty straightforward. Check with your client and see if you can agree to what we have proposed. It is a very routine case management request, but obviously if you cannot obtain your client's consent, we will be forced to take the matter up with the court. So long as we have your representation that no production will be made before the 10th, we have time to do that in the absence of an agreement, though we will, given that the SDNY motion rules do not afford sufficient time for a motion to be briefed prior to the 10th, be constrained to move by order to show cause and seek emergency relief as part of that process. As I noted in my prior message, I do not think the court would be pleased at the prospect of having to consider emergency relief in an order to show cause seeking a stay of a subpoena -- a routine matter that ought to be capable of resolution through an ordinary meet and confer -- solely by virtue of the subpoena proponent's refusal to grant a request to move the compliance date out a couple weeks. We think our request is particularly reasonable given that the subpoena has been issued in response to an order that you obtained ex parte. But if you cannot grant our request, we will have no choice but to proceed in a manner that will enable us to seek relief in a timely manner. We reserve the right to seek the court's guidance on the best way to raise the matter in advance of making our motion, though we will not do so until the earlier of (a) Tuesday at noon, or (b) upon receipt of your response to our proposal.

If you can agree to our request, of course, please let me know by return email and we will make our motion next week, on notice and in the ordinary course under the applicable federal and local rules.

Regards

-----Original Message-----
From: Kirtland, Matthew [mailto:matthew.kirtland@nortonrosefulbright.com]
Sent: Friday, April 03, 2015 2:31 PM
To: Berger, James E
Cc: Galant, Felice; Sun, Charlene
Subject: Re: RoK -- 1782 application re Clyde Co.

Thanks, James.

My morning window on monday has now closed. How about 3 pm?

Thanks,
Matt
--------------------------
Sent from my BlackBerry Wireless Handheld (www.BlackBerry.net)

*****
This email message and any attachments are for the sole use of the intended recipient(s) and contain confidential and/or privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message and any attachments.

To reply to our email administrator directly, send an email to postmaster@fulbright.com

FULBRIGHT & JAWORSKI L.L.P.
*****

----- Original Message -----
From: Berger, James E [mailto:JBerger@KSLAW.com]
Sent: Friday, April 03, 2015 01:55 PM
To: Kirtland, Matthew
Cc: Galant, Felice; Sun, Charlene <CSun@KSLAW.com>
Subject: RE: RoK -- 1782 application re Clyde Co.

Matt,

Let's discuss on Monday. It sounds like we don't have to go in with an emergency application on Monday, though if we cannot reach agreement, we will need to approach the court with an order to show cause requesting immediate relief to prevent production on the 10th. I don't think Judge Wood will be very happy about our having to do that (or to go to the Part I judge) as a result of an agreement in response to an order that was obtained ex parte and as to which we object.
I'm thus hopeful that we can reach an agreement that affords us an opportunity to present our opposition and objections and that gives the court an opportunity to consider them without facing an imminent production deadline.


-----Original Message-----
From: Kirtland, Matthew [mailto:matthew.kirtland@nortonrosefulbright.com]
Sent: Friday, April 03, 2015 1:29 PM
To: Berger, James E
Cc: Galant, Felice; Sun, Charlene
Subject: RE: RoK -- 1782 application re Clyde Co.

James,

I will have to consult with my client before I can respond to your request, and that cannot happen today.

I can confirm that Clyde & Co. has informed me that they will not be producing any documents in response to the subpoena before April 10, so in terms of timing I do not think anything needs to be done today. Shall we discuss on Monday or is the need for the call now obviated?

Thanks,
Matt
_____
From: Berger, James E [JBerger@KSLAW.com]
Sent: Friday, April 03, 2015 1:20 PM
To: Kirtland, Matthew

5

Cc: Galant, Felice; Sun, Charlene
Subject: RE: RoK -- 1782 application re Clyde Co.

Matt,

Thanks for getting back to me so promptly.

We are planning to move to intervene and object to the subpoena. Given the tight return date in the subpoena, I called Felice to ask whether you will agree to (a) stay the compliance date, and (b) ask Clyde & Co. not to produce any documents pending a ruling on our forthcoming motion. While we intend to make our motion prior to the compliance date, we are concerned about Clyde & Co. producing in advance of that date and, barring your agreement, will be forced to move on an emergency basis to seek to prevent that from occurring, something that we'd prefer not to have to do. We suspect the Court would prefer not to be confronted with emergency motions either.

Will you agree to this?

Regards

-----Original Message-----
From: Kirtland, Matthew [mailto:matthew.kirtland@nortonrosefulbright.com]
Sent: Friday, April 03, 2015 1:12 PM
To: Berger, James E
Cc: Galant, Felice
Subject: RoK -- 1782 application re Clyde Co.

James,

My colleague, Felice Galant, forwarded me your voice-mail from earlier today. I will call you on Monday to discuss. I am free between 10 am and 12 noon, or between 3 pm and 5 pm. Please let me know if anything in these windows is convenient.

Thanks,
Matt

CONFIDENTIALITY NOTICE: This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.


King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy

or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

CONFIDENTIALITY NOTICE: This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

CONFIDENTIALITY NOTICE: This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

CONFIDENTIALITY NOTICE: This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

CONFIDENTIALITY NOTICE: This email, including any attachments, is confidential and may be privileged. If you are not the intended recipient please notify the sender immediately, and please delete it; you should not copy it or use it for any purpose or disclose its contents to any other person. Norton Rose Fulbright entities reserve the right to monitor all email communications through their networks.

Norton Rose Fulbright Australia, Norton Rose Fulbright LLP, Norton Rose Fulbright Canada LLP, Norton Rose Fulbright South Africa Inc and Norton Rose Fulbright US LLP are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.