

The St. Botolph Building
138 Houndsditch
London
EC3A 7AR
United Kingdom
Telephone: +44 (0) 20 7876 5000
Facsimile: +44 (0) 20 7876 5111
DX 160030 Lime Street 5
http://www.clydeco.com

**By Post & Email**
King & Spalding LLP
125 Old Broad Street
London
EC2N 1AR

Attn:  Ben Williams/Tom Sprange / Egishe Dzhazoyan/
Ruth Byrne / Clare Lynch / Lisa Wong / David McCoy
bwilliams@kslaw.com
tsprange@kslaw.com
edzhazoyan@kslaw.com
rbyrne@kslaw.com
clynch@kslaw.com
lwong@kslaw.com
dmccoy@kslaw.com

**By Email only**
Attn:  Reginald R. Smith / Kenneth Fleuriet / Kevin Mohr
rsmith@kslaw.com
kfleuriet@kslaw.com
kmohr@kslaw.com

| Our Ref | Your Ref | Date |
|---|---|---|
| ACB/MBK/1113721 | | 9 April 2015 |

Dear Sirs

**Ascom Grup S.A ("Ascom") vs Vitol FSU B.V. ("Vitol FSU")**
**UNCITRAL Arbitration**

We write in response to your letters dated 7 and 8 April 2015.

1.   All words and phrases used herein shall have the meanings ascribed to them in our letter dated 2 April 2015.

2.   We are not aware of what representations may have been made to your firm by Norton Rose and, in any event, do not understand the basis on which Norton Rose can make representations to you concerning our future conduct.  We note, however, that your clients intend to seek to intervene in the New York proceedings for the purposes of objecting to the Subpoena/Order.

3.   We do not intend to disclose any documentation relating to the above arbitration to RoK except to the extent that we are required to do so by reason of the Subpoena and/or Order.  Furthermore, we are, in principle, happy to wait until after the application that your clients intend to pursue has been disposed of before making any disclosures.  However, we require a written confirmation from RoK that it accepts that we are not in breach of the Subpoena/Order by adopting such a position.  We have sought such a confirmation from Norton Rose and are, as at the time of writing this letter, still awaiting a response from them.

Clyde & Co LLP is a limited liability partnership registered in England and Wales under number OC326539 and is authorised and regulated by the Solicitors Regulation Authority.  A list of members is available for inspection at its registered office The St Botolph Building, 138 Houndsditch, London EC3A 7AR.  Clyde & Co LLP uses the word "partner" to refer to a member of the LLP, or an employee or consultant with equivalent standing and qualifications.



4.    Although it is correct that our New York office operates via an LLP that has been registered in the US, it is not correct to say that the New York office and the London office of our firm "operate as two different partnerships". We are not a verein structure; we hold ourselves out as, are managed as and, ultimately, operate as a single law firm. Moreover, all partners/members in Clyde & Co US LLP are also partners/members in the Clyde & Co LLP.

5.    It is our firm view that the characteristics and structure of our firm do not provide us with a lawful basis for avoiding the Subpoena/Order. That said, your clients are, of course, free to make any submissions that they wish to the New York court as part of any objections to the Subpoena/Order which they seek to make.

6.    As for the requests made in the penultimate paragraph of your letter dated 7 April 2015:-

    a.    It is not clear to us on what basis you maintain that the notice provisions in the confidentiality agreement dated 23 August 2013 and the Tribunal's order which refers to that agreement apply in circumstances where disclosures are being made by our firm (as opposed to Vitol FSU) pursuant to the Subpoena/Order; and

    b.    Without prejudice to the point made in sub-paragraph 'a' above, our client's obligation pursuant to the said confidentiality agreement is to provide your client with "*two weeks' written notice (or the maximum time available if the need arises more urgently) of the fact of that requirement, the nature of that requirement and of the Confidential Materials that it needs to disclose.*" Our view is that this obligation, to the extent that it applies, has been fully discharged by our letter dated 2 April 2015.

Yours faithfully

Clyde & Co LLP