# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANATOLIE STATI; GABRIEL STATI; ASCOM GROUP, S.A.; TERRA RAF TRANS TRAIDING LTD., <br><br> Petitioners, <br><br> v. <br><br> REPUBLIC OF KAZAKHSTAN, <br><br> Respondent. | Civil Action No. 1:14-cv-1638-ABJ |

**RESPONDENT REPUBLIC OF KAZAKHSTAN'S
<u>OPPOSITION TO PETITION TO CONFIRM ARBITRAL AWARD</u>**

# EXHIBIT 26

# CURTIS, MALLET-PREVOST, COLT & MOSLE LLP

| | | | |
|---|---|---|---|
| ALMATY | LONDON | | |
| ASTANA | MEXICO CITY | ATTORNEYS AND COUNSELLORS AT LAW | TELEPHONE 212-696-6000 |
| DUBAI | MILAN | | FACSIMILE 212-697-1559 |
| FRANKFURT | MUSCAT | 101 PARK AVENUE | WWW.CURTIS.COM |
| HOUSTON | PARIS | NEW YORK, NEW YORK 10178-0061 | |
| ISTANBUL | WASHINGTON, D.C. | | |

WRITER'S DIRECT:
TEL.: 212-696-6078
E-MAIL mharwood@curtis.com

January 18, 2011

Professor Karl-Heinz Böckstiegel
Parkstrasse 38
51427 Bergisch-Gladbach
Frankenforst, Germany
(*Via* E-mail: kh@khboeckstiegel.com)

Mr. David Haigh
Burnett, Duckworth & Palmer LLP
1400, 350 – 7th Ave. S.W.
Calgary, Alberta T2P 3N9
Canada
(*Via* E-mail: drh@bdplaw.com)

Professor Sergei N. Lebedev
Staroalexeevskaya Str., 16/49
129626 Moscow, Russia
(*Via* E-mail: snlebedev@gmail.com)

      Re: *Anatolie Stati, Gabriel Stati, Ascom Group S.A. and Terra Raf Trans Traiding Ltd. v. Republic of Kazakhstan, Arbitration No. 116/2010*

Dear Members of the Tribunal:

    As previously advised, Respondent intends to assert jurisdictional objections in this case. Under the current briefing schedule, our submissions on jurisdictional objections would not be made until the filing of Respondent's Statement of Defense on September 1, 2011. However, while our analysis of the facts and legal issues is still developing, there is one issue we have identified that we wish to raise now, without prejudice to the assertion of other jurisdictional objections. We believe it is appropriate to do so considering both the nature of the objection and the recent discussions concerning the briefing of jurisdictional issues.

    Claimants filed their Request for Arbitration ("Request") with the Stockholm Chamber of Commerce in this case on July 26, 2010, with jurisdiction based on the Energy Charter Treaty ("ECT"). Under Article 26 of the ECT, a dispute may not be submitted to international arbitration unless and until three months have elapsed from the date on which a party has

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELORS AT LAW

Prof. Karl-Heinz Böckstiegel
Mr. David Haigh
Prof. Sergei N. Lebedev

Page 2

January 18, 2011

requested amicable settlement of the dispute. This jurisdictional requirement has not been satisfied in this case. For example, Claimants assert, *inter alia,* that Respondent terminated their contracts in violation of its obligations under the ECT on July 21, 2010, five days before Claimants filed this Arbitration. Request, ¶ 89, Exs. 39, 40. It is obvious that the three-month period had not elapsed when the Request was filed. Moreover, Claimants never gave notice that it intended to assert treaty claims against the State under the ECT and requesting amicable settlement regarding the contract terminations, in direct violation of the requirements of ECT Article 26.[1]

In the Request, Claimants acknowledge that "Article 26(2) of the ECT provides for a three month notice period before the commencement of arbitration," but, astonishingly, they assert that "That requirement is satisfied." Request, ¶ 108. They rely upon two letters sent in March and May 2009, relating to such issues as the transfer of shares by Tolkynneftegaz, the imposition of certain taxes and penalties and certain court proceedings. Request, ¶¶ 109-110, Exs. 23, 32. Notably, although those letters threatened arbitration regarding those matters, there was no mention of possible claims under the ECT.[2] Even if the 2009 letters could be considered to satisfy Article 26 of the ECT with respect to the matters raised in those letters – which we submit they do not – those letters clearly do not satisfy the jurisdictional requirement with respect to separate claims that were not the subject of those letters and are not alleged to have arisen at that time, including, without limitation, the contract terminations, which Claimants allege to be an "expropriation."[3]

If this issue is not addressed promptly, but must await resolution until full briefing and hearing on the merits, the purpose of the ECT's mandate for amicable settlement discussions will be lost, even if the Tribunal ultimately finds Claimants' failure to comply with Article 26 to be a jurisdictional defect.[4] This was the result in the recent decision *Murphy Exploration and Production Co. Int'l v. Republic of Ecuador,* ICSID Case No. ARB/08/4, Award on Jurisdiction dated December 15, 2010, in which the tribunal dismissed the case for lack of jurisdiction where the claimant failed to comply with the applicable treaty's six-month period for notice and

---

[1] In addition to the two contracts terminated by the notifications of July 21, 2010, Claimants allege that a third contract expired by its own terms after Respondent purportedly failed to extend it. Request, ¶ 59.

[2] While the letters did not mention treaty claims against the State under the ECT or any other treaty, it should be noted that the underlying contracts with Tolkynneftegaz and Kazpolmunay -- which are not claimants in this Arbitration -- contain contractual arbitration clauses providing for arbitration of contractual claims. *See* Request Exs. 15, 16 and 17.

[3] The Request complains of a number of events which occurred during the fourteen-month period after the May 2009 letter was sent and the time the Arbitration was commenced. Claimants simply ignored the obligation of notice and amicable settlement discussions required by Article 26 of the ECT.

[4] Indeed, if Claimants had acted properly in respecting the three-month notice period required by Article 26 of the ECT before commencing this Arbitration, the procedural unfairness experienced by Respondent at the beginning of the case, in which the SCC rapidly appointed an arbitrator for Respondent -- at Claimants' urging -- and constituted the Tribunal before Respondent had filed an Answer or even retained legal counsel, could have been avoided.

CURTIS, MALLET-PREVOST, COLT & MOSLE LLP
ATTORNEYS AND COUNSELORS AT LAW

Prof. Karl-Heinz Böckstiegel
Mr. David Haigh
Prof. Sergei N. Lebedev

Page 3

January 18, 2011

settlement negotiations, finding such failure to be a "grave non-compliance" with the treaty's requirement, which was jurisdictional and not just a "formality," but must be observed "compulsorily." *Id.,* ¶¶ 149, 154. Respondent is prepared to fully brief this issue on submissions, at the appropriate time directed by the Tribunal. However, taking note of the Tribunal's preference against bifurcation, and to avoid compounding the prejudice that has occurred as a result of Claimants' non-compliance with the treaty, we propose that the Tribunal order Claimants to engage in amicable settlement discussions as required by Article 26 of the ECT, and that the proceedings be suspended during the three-month period in satisfaction of that jurisdictional requirement. We offer this as a practical solution that best serves the interests of the parties notwithstanding the fact that this jurisdictional defect could result in dismissal after full briefing and hearing on the merits. *See Western NIS Enterprise Fund v. Ukraine,* ICSID Case No. ARB/04/2, Order of March 16, 2006 (finding that the notice period was "an important element of the State's consent to arbitration" and ordering a suspension of the proceedings to satisfy the six-month waiting period of the applicable treaty).

Respondent believes that the requirement of a period for amicable settlement discussions prior to arbitration set forth in Article 26 of the ECT is not only a jurisdictional prerequisite, but an important part of the dispute resolution process that must be respected and can be a productive effort. Respondent intends to fully engage in such discussions in good faith if Claimants carry out their obligation to participate in this process.

Very truly yours,

*Miriam Harwood*

Miriam K. Harwood

cc: Ms. Natalia Petrik (*Via* E-mail: natalia.petrik@chamber.se)
    Ms. Christina Franzen-Papazov (*Via* E-mail: christina.franzen-papazov@chamber.se)
    Reginald R. Smith, Esq. (*Via* E-mail: rsmith@kslaw.com)
    Kenneth R. Fleuriet, Esq. (*Via* E-mail: kfleuriet@kslaw.com)
    Adrian Bulboaca, Esq. (*Via* E-mail: adrian.bulboaca@bulboaca.com)