UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF REPUBLIC OF KAZAKHSTAN FOR AN ORDER DIRECTING DISCOVERY FROM CLYDE & CO. LLP PURSUANT TO 28 U.S.C. § 1782 | 15 Misc. 0081(SHS)<br><br>OPINION & ORDER |

SIDNEY H. STEIN, U.S. District Judge.

    Anatolie Stati, Gabriel Stati, Ascom Group, S.A. and Terra Raf Trans Traiding Ltd. ("intervenors" or "Stati Group") have moved at Part I to (1) vacate an Order issued by Judge Kimba Wood on March 30, 2015 that granted the Republic of Kazakhstan ("ROK") leave to obtain discovery from the law firm of Clyde & Co. LLP pursuant to 28 U.S.C. § 1782 and (2) quash the subpoena duces tecum subsequently served on Clyde & Co. LLP pursuant to that Order.[1] Because the statutory prerequisites of 28 U.S.C. § 1782 have been met and discretionary factors weigh against vacating that Order and quashing the subpoena, intervenors' motion is denied.

**I.   BACKGROUND**

    On December 19, 2013, an arbitral tribunal in Sweden determined that ROK had illegally seized a liquefied petroleum gas plant ("the LPG plant") and issued a final arbitral award in favor of the Stati Group that valued the LPG plant at $199 million. (Decl. of Charlene Sun dated April 10, 2015 ¶¶ 3, 4.) ROK then brought an action in the Svea Court of Appeal in Sweden seeking an order setting aside the final arbitral award. (Decl. of Matthew Kirtland dated April 21, 2015 ¶ 8.) In its appeal, ROK challenges the award on several grounds, including that the valuation of the LPG plant was improperly low. (*Id.* at ¶ 9.) After the appeal was filed, ROK brought a

---

[1] The Stati Group has also moved to intervene pursuant to Fed. R. Civ. P. 24(a)(2). This Court granted that motion at oral argument on April 28, 2015.

petition pursuant to 28 U.S.C. § 1782 in the Southern District of New York. In that petition, ROK sought documents from Clyde & Co. LLP, counsel to Vitol/Vitol FSU B.V. and Arkham SA, which are parties in three other arbitration proceedings where the valuation of the same LPG plant was allegedly at issue. (Kirtland Decl. ¶¶ 11-13, 17.) ROK asserts on information and belief that in those three arbitrations, the Stati Group had provided a lower estimate of the value of the plant than it did in the Swedish arbitration and that this information is relevant to ROK's appeal in Sweden. (*Id* ¶13; Decl. of Hans Bagner dated April 21, 2015 ¶13.) The Stati Group, intervening as of right in this proceeding, now moves to vacate Judge Wood's Order permitting discovery pursuant to 28 U.S.C. § 1782 and to quash the subpoena duces tecum served on Clyde & Co. LLP pursuant to that Order.

At the April 28, 2015 oral argument before this Court sitting in Part I, Clyde & Co. LLP stated that it did not oppose producing the requested documents.

## II. DISCUSSION

### A. ROK's Petition Meets the Statutory Requirements of Section 1782

28 U.S.C. § 1782 governs under what conditions U.S. courts may provide assistance to foreign and international tribunals and litigants before those tribunals. The statute "affords access to discovery of evidence in the United States for use in foreign proceedings." *In re Edelman*, 295 F.3d 171, 175 (2d Cir. 2002). 28 U.S.C. § 1782 provides, in pertinent part, that,

> "[t]he district court of the district in which a person resides or is found may order him to… produce a document…for use in a proceeding in a foreign or international tribunal…The order may be made pursuant to a ... request made, by a foreign or international tribunal or upon the application of any interested person…To the extent that the order does not prescribe otherwise,… the document… [shall be] produced, in accordance with the Federal Rules of Civil Procedure."

The U.S. Court of Appeals for the Second Circuit has identified three requirements in section 1782 as follows,

> "(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or 'any interested person.' "

*Edelman,* 295 F.3d at 175–76 (citing *In re Esses,* 101 F.3d 873, 875 (2d Cir. 1996) (per curiam)).

Each of these requirements has been met here. The Stati Group urges that the first requirement—that the person from whom discovery is sought must be found in the Southern District of New York—has not been satisfied because ROK's petition seeks discovery from "Clyde & Co. LLP," which is an entity headquartered in London, England, and the subpoena was served on Clyde & Co. US LLP in New York, which is "a separate entity." (Mem. in Support of Motion to Vacate and Quash at 8, Dkt. No. 8.)

It is not disputed, however, that the two entities "operate as a single law firm" and all the New York-based partners in Clyde & Co. US LLP are also partners in Clyde & Co. LLP. (*See* Letter from Clyde & Co. LLP dated April 9, 2015 ¶4, attached as Ex. 4 to Sun Decl.)  Clyde & Co. LLP's partners' daily practice of law in this jurisdiction gives it the requisite "systematic and continuous" presence to be "found" here for purposes of section 1782. *See In re Godfrey*, 526 F. Supp. 2d 417, 422 (S.D.N.Y. 2007).

The Stati Group also contends that ROK's petition does not satisfy the third requirement —the application be made by an interested person— because, it claims, a sovereign state is not an "interested person" pursuant to section 1782. Several courts have found that a sovereign is not a "person" who can be *ordered* to produce documents pursuant to section 1782, but those cases do not address whether a sovereign can use section 1782 to *obtain* discovery. *See e.g., Al Fayed v. Cent. Intelligence Agency*, 229 F.3d 272 (D.C. Cir. 2000); *Thai-Lao Lignite (Thailand) Co., Ltd. v. Government of Lao People's Democratic Republic*, No. 11-cv-4363, 2012 WL 966042

(S.D.N.Y. Mar. 20, 2012); *McKevitt v. Mueller*, 689 F. Supp. 2d 661, 668 n.1 (S.D.N.Y. 2010). In fact, in *Al Fayed v. C.I.A.*, 229 F.3d 272, 273 (D.C. Cir. 2000), the United States Court of Appeals for the D.C. Circuit emphasized this distinction. *See id.* ("interpreting the use of 'person' in § 1782 (as used to define those subject to discovery, *not* those seeking discovery) to exclude the sovereign") (emphasis in the original); *see also id.* at 274 (noting that "[n]o court has yet resolved whether the 'person[s]' *subject to subpoena* in § 1782 include the federal government") (alternation in original)(emphasis added).

There is a "longstanding interpretive presumption that 'person' does not include [a] sovereign." *Vermont Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780 (2000). However, the presumption is not a "hard and fast rule of exclusion." *Id.* at 781 (internal quotation marks omitted). "The purpose, the subject matter, the context, the legislative history, and the executive interpretation of the statute are aids to construction which may indicate an intent, by the use of the term [person], to bring state or nation within the scope of the law." *United States v. Cooper Corp.*, 312 U.S. 600, 605 (1941).

In *In re Ecuador*, No. C-10-80225 2010 WL 4973492 (N.D. Cal Dec. 1, 2010), the court expressly held that sovereign states *are* "interested person(s)" that can use section 1782 to obtain discovery. *Id.* at *1, *3. In arriving at this conclusion, Judge Edward Chen undertook a thorough discussion of the factors set forth in *Cooper*. He explained that section 1782's predecessor statutes explicitly permitted foreign states to request judicial assistance and that the 1964 amendment that added the "interested person" provision to section 1782 was intended to broaden rather than narrow "the scope of those who could seek judicial assistance." 2010 WL 4973492 at *3 (citing 1964 U.S. Code Cong. & Admin. News at 3789). The court also noted that courts frequently construe the word "person" not to include a sovereign in order to avoid subjecting a sovereign to liability and implicating concerns of sovereign immunity, none of which are at issue here. 2010 WL 4973492 at *4.

Finally, Judge Chen found that the underlying policy of section 1782 supports allowing a sovereign to utilize the statute. One of the twin aims of the statute is to encourage reciprocity by foreign governments. *See Schmitz v. Bernstein Liebhard & Lifshitz, LLP,* 376 F.3d 79, 84 (2d Cir. 2004). To deny foreign governments the ability to utilize this statute "is hardly conducive to encouraging cooperation and reciprocal treatment of the United States in the international arena." 2010 WL 4973492 at *6. Indeed, in the past, the Stati Group has on several occasions sought and obtained section 1782 subpoenas for financial information concerning ROK to be used in foreign proceedings. (*See* Kirtland Decl. ¶14). In this case, therefore, the desire to avoid "an asymmetrical result prejudicial to foreign governments" in order to encourage reciprocity by foreign governments when the proverbial ball is in a foreign court is particularly apt. 2010 WL 4973492 at *6.

This Court therefore rejects the Stati Group's contention that a sovereign may not use section 1782 to seek discovery because it is not an "interested person."

The Stati Group concedes that the second requirement—that the discovery be for use in a foreign proceeding— is met. Thus, ROK's petition meets the three statutory requirements of section 1782.

### B. The *Intel* Discretionary Factors Weigh Against Granting the Intervenors' Motion

"Once the statutory requirements are met, a district court is free to grant discovery in its discretion." *Schmitz,* 376 F.3d at 83–84 (internal quotations and alterations omitted). "[D]istrict courts must exercise their discretion under § 1782 in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts," *Id.* at 84 (internal quotation marks omitted).

5

The U.S. Supreme Court has provided guidance in the form of several factors that "bear consideration" in ruling on a section 1782 request. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). These factors are: (1) whether "the person from whom discovery is sought is [not] a participant in the foreign proceeding," which militates in favor of granting the request; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States;" and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264–65.

The first factor—"whether the person from whom discovery is sought is a participant in the foreign proceeding"—weighs in favor of ROK's petition and against granting the intervenors' motion. The discovery sought here from Clyde & Co. LLP concerns its clients, Vitol/Vitol FSU B.V. and Arkham SA. None of these entities are parties to the foreign action at issue.

The second factor—the nature of the tribunal, character of the proceedings underway abroad, and the receptivity of the foreign government to judicial assistance—and the third factor—whether the request is an attempt to circumvent foreign proof-gathering restrictions—also weigh in favor of the petition and against granting the intervenors' motion. The Stati Group contends that the requested documents are irrelevant to the Swedish proceedings because Swedish appellate review will be limited to procedural and jurisdictional review and will not evaluate the award's substantive correctness. (Mem. in Supp. of Mot. to Vacate and Quash at 11-12). In response, ROK claims that these documents may reveal that the arbitral committee relied on falsified evidence and the award could be therefore invalidated as manifestly incompatible with Swedish public policy. (Mem. in Opposition to the Motion to Vacate and Quash at 17-18). Both parties have submitted expert declarations in

support of their positions. (*See* Decl. of Bo Nilsson dated April 8, 2015; Bagner Decl.)

This Court need not ascertain which party has the correct view of Swedish law. The Second Circuit has discouraged district courts in the context of section 1782 from "try[ing] to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law." *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995). To require a district court to determine such issues would involve it in a "speculative foray[ ] into legal territories unfamiliar to federal judges." *Id*. This sort of foray "would result in an unduly expensive and time-consuming fight about foreign law, undermining the twin aims of the statute." *In re Application for an Order Permitting Metallgesellschaft AG to take Discovery*, 121 F.3d 77, 80 (2d Cir. 1997)(internal citation and quotation marks omitted).

Relatedly, the Stati Group has argued that the documents sought are within the reach of the Swedish court because Ascom, one of the members of the Stati Group and a party to one of the three arbitrations from which ROK seeks documents, has access to "most" of the documents requested and is subject to Swedish jurisdiction. (*See* Nilsson Decl. ¶11.) ROK's failure to request these documents from the Swedish tribunal, according to the Stati Group, indicates that the Swedish tribunal would be unlikely to compel the production of these materials and demonstrates that ROK's discovery request is an attempt to circumvent foreign discovery restrictions.

There is no requirement that the party seeking discovery pursuant to section 1782 must first request discovery from the foreign tribunal. *See Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)(overturning the district court's denial of section 1782 discovery where the district court imposed a "quasi-exhaustion requirement"). Additionally, the Second Circuit has expressly rejected a "foreign discoverability requirement" when analyzing the *Intel* factors. *Euromepa, S.A. v. R. Esmerian, Inc.*, 154 F.3d 24, 28 (2d Cir. 1998)("[T]he district court

need not satisfy itself that the discovery sought in the petition is of information that would be discoverable under the laws of the foreign jurisdiction in which the proceeding is pending.")

"A district court's inquiry into the discoverability of requested materials should consider only *authoritative proof* that a foreign tribunal would reject evidence obtained with the aid of section 1782." *Euromepa,* 51 F.3d at 1099 (emphasis added)(stating also that "[w]e do not believe that an extensive examination of foreign law regarding the existence and extent of discovery in the forum country is desirable.") Authoritative proof is language in a forum country's "judicial, executive or legislative declarations" that "specifically address the use of evidence gathered under foreign procedures." *Id.* at 1100. No party here has presented such proof.

A receptivity inquiry here, similarly does not weigh in favor of granting the intervenors' motion. In *Schmitz v. Bernstein Liebhard & Lifshitz, LLP.*, 376 F.3d 79 (2d Cir. 2004), the Second Circuit found that this Court properly denied an application for section 1782 discovery where the German Ministry of Justice had asked it to deny the petition on the basis that granting discovery would jeopardize "the ongoing German criminal investigation" and "German sovereign rights." *Id.* at 82, 84. This Court found that granting discovery in the face of opposition from the foreign tribunal would undermine the spirit and purpose of the statute by discouraging foreign tribunals from "heeding similar sovereignty concerns posited by our governmental authorities to foreign courts." *See In re Schmitz,* 259 F.Supp.2d 294, 298 (S.D.N.Y. 2003), *aff'd* 376 F.3d at 79. No such concerns have been raised in this case.

The fourth and final factor—whether the request is overly intrusive or burdensome—is not at issue here since neither the Stati Group nor Clyde & Co. LLP have objected to the scope of ROK's requests. (*See* Kirtland Decl. ¶ 21).

Considering (1) the asymmetrical result prejudicial to a foreign government that would result were this Court to find that ROK is not an "interested person," (2) the possibility that the requested documents could

reveal that the arbitral award was contrary to Swedish public policy, and (3) the absence of authoritative proof that the Swedish tribunal would reject this evidence, this Court concludes that denying the Stati Group's motion to vacate the March 30 section 1782 Order and quash the subpoena issued pursuant to that Order promotes section 1782's aims. Indeed, granting the motion could in fact discourage future assistance to the courts of the United States.

### III. CONCLUSION

Because the statutory prerequisites have been met and the discretionary factors weigh in ROK's favor, the Stati Group's motion to (1) vacate the March 30, 2015 Order permitting discovery pursuant to 28 U.S.C. § 1782 and (2) quash the subpoena to Clyde & Co. LLP is denied.

Dated: New York, New York
       June 22, 2015

SO ORDERED:

Sidney H. Stein, U.S.D.J.